■ PANAGIATA ZAVOS, Respondent, v LOUIS WHITE, Appellant. [651 NYS2d 877] —In an action to recover damages for personal injuries, the defendant appeals, by permission *(see,* CPLR 5701 [a] [2]), from an order of the Supreme Court, Kings County (Feinberg, J.), dated November 17, 1995, which, upon a jury verdict in favor of the defendant, granted the plaintiff's oral application to set aside the verdict and for a new trial. Justice O'Brien has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, with costs, the plaintiff's application is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment dismissing the complaint.

This action arose out of a motor vehicle accident wherein the vehicle in which the plaintiff was riding collided with the open door of the defendant's vehicle. At trial, the defendant testified that before opening his car door, he saw traffic coming approximately two car lengths behind him in the center of the roadway. The defendant further testified that upon opening his door, the plaintiff's vehicle suddenly veered to the right in an attempt to pass another vehicle and collided with his vehicle's door.

Contrary to the plaintiff's argument we find that the trial court erred in setting aside the jury verdict and ordering a new trial. Here, it cannot be said that the jury could not have reached its verdict on any fair interpretation of the evidence. Thus, we conclude that the verdict was not against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 132). Miller, J. P., O'Brien, Ritter and Copertino , JJ., concur.